THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00088-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JONATHAN DAVID TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. 3582(c) for Reduction, Modification of Sentence for Good Cause in the Interest of Justice" [Doc. 29].

The Defendant pled guilty to one count of assault with a dangerous weapon with intent to do bodily harm in Indian country, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. He was sentenced to a term of 46 months' imprisonment on March 19, 2020. [Doc. 26]. The Defendant did not appeal. The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). [Doc. 29].

The Court may modify a criminal judgment only in limited circumstances. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may reduce

or modify a sentence upon a showing of extraordinary and compelling reasons. The Court may also reduce or modify a sentence pursuant to Rule 35 of the Rules of Criminal Procedure or when a defendant was sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(B), (c)(2). None of these circumstances, however, are applicable in the present case. Thus, to the extent that the Defendant intends to seek a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), his motion must be denied.

It appears that the Defendant seeks to challenge the legality of his conviction and, specifically, the jurisdiction of the Court to exercise jurisdiction over this case because his offense occurred within the boundaries of the Eastern Band of Cherokee Indian reservation. [Doc. 29]. This motion is more in the nature of a collateral attack to his sentence. See 28 U.S.C. § 2255(a) (stating that federal prisoner may seek to vacate sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or is otherwise subject to collateral attack"). It therefore appears that the Defendant may have intended to bring an action pursuant to 28 U.S.C. §

2

2255 to vacate, set aside or correct his conviction and sentence. The Court will thus provide the Defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize this communication with the Court as an attempt to file a motion pursuant to 28 U.S.C. § 2255. The Defendant shall be provided an opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be his first § 2255 petition, which will mean that before he can thereafter file a second or successive § 2255 petition, the Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit. Moreover, in determining whether the Defendant agrees or disagrees with this recharacterization, he should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

> if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Defendant's conviction became final for purposes of Section 2255(f) on April 2, 2020, fourteen days after judgment was entered. See Fed. R. App. P. 4(b). Accordingly, the one-year period of limitations under Section 2255 expired on April 2, 2021. the Defendant did not mail his motion until on or about October 4, 2021. [See Doc. 29-1 (postmark)]. As such, the motion is untimely under § 2255(f)(1) and is subject to dismissal on that ground unless another subsection of § 2255(f) applies or the Defendant can demonstrate that equitable tolling should apply.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v.

4

Lee, 339 F.3d 238, 246 (4th Cir. 2003)).  A petitioner must show he has been "pursuing his rights diligently."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Further, equitable tolling is limited to "rare instances—where due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

The Court will grant the Defendant thirty (30) days in which to advise the Court whether he agrees or disagrees with this recharacterization of this motion as a motion to vacate pursuant to 28 U.S.C. § 2255.  If the Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, he will be required to withdraw his motion.  If the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

If the Defendant agrees to have the motion considered as one filed pursuant to § 2255, the Court will provide a time within which an amendment to the motion, to the extent permitted by law, may be filed.  In filing an

amended and restated motion to vacate, the Defendant must substantially follow the form for § 2255 motions which has been approved for use in this judicial district.  See Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts.  Additionally, the Defendant will be required to address in his amended and restated motion to vacate why his motion should not be dismissed as untimely, including any reasons why equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

The Clerk of Court is respectfully directed to provide the Defendant the appropriate § 2255 motion form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge

6

Case 1:19-cr-00088-MR-WCM   Document 30   Filed 10/26/21   Page 6 of 6