THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00088-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JONATHAN DAVID TAYLOR, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. 3582(c) for Reduction, Modification of Sentence for Good Cause in the Interest of Justice" [Docs. 29, 31] and the Defendant's "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(B) to Expand the Record for Review of All the Allegations at Law Claims for Relief within the Record of the Case for Relief, Not to Recharacterize This Present Motion for Reduction, Modification of Sentence for Good Cause in the Interest of Justice" [Doc. 32]. On October 26, 2021, the Court entered an Order construing the Defendant's motion as a motion to vacate pursuant to 28 U.S.C. § 2255 and giving the Defendant thirty (30) days in which to advise the Court whether he agrees or disagrees with that recharacterization. [Doc. 30]. The Defendant was

advised that if he did not agree to have the motion recharacterized as one under § 2255, he would be required to withdraw his motion, and that if the Defendant failed to respond to this Order or if he agreed to have the motion recharacterized as one pursuant to § 2255, the Court would consider the motion pursuant to § 2255 and consider it filed as of the date the original motion was filed. [Id.].

In response, the Defendant re-filed his "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(B)." [Doc. 31]. Additionally, the Defendant filed a motion, asking the Court to adjudicate his motion on the merits. [Doc. 32]. While the Defendant does not specifically address the Court's October 26th Order, he indicates in the caption of this motion that he does not wish to have his motion [Docs. 29, 31] recharacterized as a § 2255 motion. [Id. at 1].

In light of the Defendant's filings, the Court will not recharacterize the Defendant's motion as a motion to vacate pursuant to § 2255. Further, because the Defendant has not withdrawn the motion, the Court will proceed to address the motion on its merits. As the Court noted in its prior Order [Doc. 30], a criminal judgment may be modified only in limited circumstances. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may reduce or modify a sentence upon a showing of extraordinary and compelling reasons. The

2

Court may also reduce or modify a sentence pursuant to Rule 35 of the Rules of Criminal Procedure or when a defendant was sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(B), (c)(2). None of these circumstances, however, are applicable in the present case. Thus, to the extent that the Defendant intends to seek a reduction of his sentence pursuant to 18 U.S.C. § 3582(c), his motions are denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motions [Docs. 29, 31, 32] are **DENIED**.

**IT IS SO ORDERED.**

Signed: December 7, 2021

Martin Reidinger
Chief United States District Judge